**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**TOLEDO DIVISION**

| | |
|---|---|
| BENJAMIN SCHUMIN,<br><br>Plaintiff,<br><br>v.<br><br>TORRENCE SOUND EQUIPMENT COMPANY,<br><br>Defendant. | Case No. 3:26-cv-01707<br><br>Judge James R. Knepp, II<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT WITH JURY DEMAND**<br><br>Paul R. Bonfiglio (0041484)<br>Attorney for Defendant<br>Torrence Sound Equipment Company<br>300 Madison Avenue, Suite 1406<br>Toledo, OH 43604<br>Telephone: (419) 242-3900<br>Fax: (419) 242-6446<br>douglas_spidel@staffdefense.com |

Defendant Torrence Sound Equipment Company, by and through counsel, and to the extent that the allegations in Plaintiff's Complaint are directed towards them, state as follows for its answer to Plaintiff's Complaint.

1. Denies for want of knowledge the allegations contained in paragraphs 1 and 2 of Plaintiff's Complaint.

2. Admits that the defendant is a full service systems contractor that designs, installs, and services integrated audio, video, communications, and security technology solutions for commercial, healthcare, education, and public facilities as alleged in paragraph 3 of Plaintiff's Complaint, but denies for want of knowledge the remaining allegations contained in that paragraph.

3. Denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

4. Denies for want of knowledge the allegations contained in paragraphs 5 and 6 of Plaintiff's Complaint.

5. Admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

6. Denies for want of knowledge the allegations contained in paragraph 8 of Plaintiff's Complaint.

7. Admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

8. Denies for want of knowledge the allegations contained in paragraphs 10, 11 and 12 of Plaintiff's Complaint.

9. Denies the allegations contained in paragraphs 13 and 14 of Plaintiff's Complaint.

10. Denies for want of knowledge the allegations contained in paragraph 15 of Plaintiff's Complaint.

11. Denies the allegations contained in paragraphs 16, 17 18, and 19 of Plaintiff's Complaint.

12. Denies for want of knowledge the allegations contained in paragraph 20 of Plaintiff's Complaint.

13. Admits that the parties to date have failed to resolve this matter as alleged in paragraph 21 of Plaintiff's Complaint but denies for want of knowledge the remaining allegations contained in that paragraph.

14. Defendants reincorporate by reference their prior statements, and denials as if fully rewritten herein in response to the allegations contained in paragraph 22 of Plaintiff's Complaint.

15. Denies for want of knowledge the allegations contained in paragraphs 23 and 24 of Plaintiff's Complaint.

16. Denies the allegations contained in paragraphs 25, 26, and 27 of Plaintiff's complaint.

17. Denies for want of knowledge the allegations contained in paragraphs 28 and 29 of Plaintiff's Complaint.

18. Denies all allegations not specifically admitted above.

19. Denies that Plaintiff is entitled to recover from it the amount of his prayer, or to any relief whatsoever from this defendant.

## AFFIRMATIVE DEFENSES

In order to avoid waiver, and pending further discovery, defendant asserts the following affirmative defenses:

20. Plaintiff's Complaint fails to state a claim upon which relief can be granted against this answering Defendant.

21. Plaintiff's Complaint fails to join a party or parties necessary for a just adjudication of the matters set forth therein.

22. Plaintiff's claims are barred in whole or in part on the equitable doctrines of waiver and/or estoppel.

23. Plaintiff's claims are the direct and proximate result of the conduct of others, or unforeseen conduct, for which this answering Defendant is not liable to Plaintiff.

24. Plaintiff's claims are barred by the applicable statute of limitations.

25. Plaintiff's claims are barred by the doctrine of laches.

26. Plaintiff lacks standing to assert some or all of its claims.

27. Plaintiff's damages should be apportioned for the tortious conduct of Plaintiff or others in accordance with R.C. 2307.22 and R.C. 2307.22.

28. Plaintiff is not the real party in interest as to some or all of his claims.

29. Defendant is entitled to all immunities, defenses and privileges contained in the applicable provisions of the U.S. Copyright Act, the Lanham Act and Ohio Revised Code Section 4165.01 et. seq. and related statutory provisions.

30. Plaintiff's copyright claims are barred in whole or in part by the Fair Use Doctrine.

31. Plaintiff's claims for copyright infringement are barred in whole or in part, or his recovery is reduced, by Defendant's innocent intent.

32. Plaintiff's copyright claims are barred in whole or in part because Plaintiff used its copyrights in violation of public policy and property embodied in the grant of the copyrights.

33. Plaintiff's claims of copyright infringement are barred in whole or in part because Plaintiff is not the owner of some or all of the copyrights.

34. Plaintiff's claims of copyright infringement are barred in whole or in part because the assignment of the copyrights to Plaintiff are not valid.

35. Plaintiff's copyright claims are barred in whole or in part because the copyrighted materials are in the public domain.

36. Plaintiff's claims for copyright infringement are barred or their recovery is reduced by defendant's good faith belief that the image was available for use and had proper attribution from the published source.

37. Plaintiff's copyright infringement claims are barred in whole or in part because Plaintiff's works were not registered with the U.S. Copyright Office.

38. Plaintiff's copyright infringement claims are barred in whole or in part because Plaintiff's registrations with the U.S. Copyright Office were more than three months after the first publications.

39. Plaintiff's copyright infringement claims are barred in whole or in part for a lack of subject matter jurisdiction because it lacks valid copyright registrations for the intellectual property rights asserted or has not properly or timely registered the works.

40. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

41. Plaintiff improperly claims copyright protection for images and/or words that are merely descriptive, generic, arbitrary and/or otherwise not entitled to copyright protection.

42. This answering Defendant respectfully reserves the right to assert additional affirmative defenses as discovery proceeds.

WHEREFORE, Defendant Torrence Sound Equipment Company requests that Plaintiff's Complaint be dismissed at Plaintiff's costs.

Respectfully submitted,

Paul R. Bonfiglio

CERTIFICATION

This is to certify that a copy of the foregoing Answer to Plaintiff's Complaint with Jury Demand was sent this 8th day of September, 2026 by electronic mail to **Joel B. Rothman, Esq.**., Sriplaw, PA, joel.rothman@sriplaw.com, Counsel for Plaintiff Benjamin Schumin and **Franceska N. Surinck, Esq**., Marshall & Melhorn, LLC, surinck@marshall-melhorn.com, Counsel for Defendant Torrence Sound Equipment Company.

Respectfully submitted,

Paul R. Bonfiglio

Paul R. Bonfiglio